IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND HERNANDEZ,

    Petitioner,

v.                                                                                     CIV 08-1051 JB/KBM

JAMES JANECKA, Warden, et al.,

    Respondents.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

    THIS MATTER is before the Court on Raymond Hernandez' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Doc. 1.* Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, ___, 127 S. Ct. 1654, 1664 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008), *petition for cert filed (2/23/09).* Respondents assert that the petition is untimely and without merit and should be dismissed with prejudice. *See Doc. 9* at 7-11. I agree, and recommend that the petition be dismissed as time-barred.

There is no dispute that Petitioner is challenging the sentences he received in the state actions bearing the criminal numbers "2000-483" and "2000-559." *See Doc. 1* at 1; *Doc. 1-2* at 2, 7-8; *Doc. 10* at 1-2. He raises four claims:

1. "Illegal sentence . . . Both consolidated case actions were committed in the course of a single transaction and all counts should count as one for the purpose of sentencing under the habitual offender statute." *Doc. 1* at 5 (per document number not form number);

2. "The enhancement statute is discriminatory . . . Applying the strict rationality test to the relationship between going to trial with mandatory enhancement exposure without 'notice' or pleading guilty with or without enhancements, is discriminatory against the constitutional right to trial by jury and in violation of the equal protection clause of the federal constitution." *Id.* at 7;

3. "Due process violation . . . In light of *State v. Nash*, 2007-NCMA-141, was fundamental fairness under the New Mexico Constitution violated as Petitioner was not advised of his right to challenge the validity of the prior convictions by collateral attack?" *Id.* at 8; and

4. "Due process violation . . . In light of *Cunningham v. California*, ___ U.S. ___, 127 S. Ct. 856, was Petitioner denied his constitutional right to jury determination under the Sixth and Fourteenth Amendments to make the factual determination set forth in *State v. Sanchez*, 531 P.2d 1229 (NM App. 01/29/1975) (acts involved in a single transaction)?" *Id.* at 10.

Petitioner is serving a total sentence of forty-one years in those cases for convictions related to robbery and forgery pursuant to a judgment and sentence filed November 26, 2001. *See Doc. 9-2* at 1-3. Hernandez' reply indicates that he

believes the AEDPA one-year statute runs from the time he completes any state post-conviction proceeding.  *See Doc. 10* at 2.[1]  That is not necessarily the case.  The AEDPA statute of limitations begins to run from the later of four different events, and I find only one of them is applicable here.

There is no alleged or evidence of a "state impediment" and thus 28 U.S.C. § 2244(d)(1)(B) is inapplicable.  As illustrated by his claims above, Plaintiff is raising legal arguments to how he was sentenced.  Therefore, the "discovery of factual predicates" option under 28 U.S.C. § 2244(d)(1)(D) is inapplicable.

Another option triggers the statute of limitations from "the date on which the constitutional right was initially recognized by the Supreme Court" but only "if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(D).  Though Petitioner cites two 2007 decisions as the reason for his due process arguments, one is a State decision and thus does not qualify.  *See State v. Nash,* 142 N.M. 754, 170 P.3d 533 (N.M. Ct. App. 9/5/07) (also cited as "2007-NMCA-141" in the petition).  The other decision he cites is a Supreme Court decision in the line of

---

[1] Petitioner's reply states that "previous appeals or post conviction remedied did not raize (sic) the current question of law and these are new and first time claims."  *Doc. 10* at 2.  There is no indication of the record of other post-conviction proceedings.

*Apprendi/Blakely/Booker* line of cases, that was decided after he instituted state habeas proceedings. *See Cunningham v. California,* 549 U.S. 270 (1/22/07) (also cited as "127 S. Ct. 856" in the petition); *Doc. 1* at 3 (date of state petition was 1/17/08); *Doc. 9-5* at 1 (copy of state petition bearing file-stamp). This line of cases, however, is inapplicable to increases in sentences for prior convictions and has expressly *not* been made retroactive to cases on collateral review.[2] Thus, the 28 U.S.C. § 2244(d)(1)(C) option is not applicable.

The only option for the event that triggered the AEDPA statute of limitations is the date Petitioner's conviction became "final." *See* 28 U.S.C. § 2244(d)(1)(A). "Finality" includes the ninety-day period in which Petitioner could have sought, but did not, review by the Supreme Court of the United States. *E.g., Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner filed a counseled appeal in case number 483, and it became "final" on Monday, August 26, 2002, which is ninety days after the New Mexico Supreme Court denied

---

[2] *E.g., Oregon v. Ice,* ___ U.S. ___, 129 S. Ct. 711, 717 (2009) (*Apprendi* line of cases does not prohibit judges from finding facts necessary to impose consecutive sentences); *id.* at 720 (dissenting Justices) ("The rule of *Apprendi* . . . is clear: Any *fact-other than that of a prior conviction*") (emphasis added); *United States v. McIntyre,* 2009 WL 427106 at *2 (10th Cir. 2009) (*Apprendi/Booker* not applied retroactively; citing *United States v. Bellamy,* 411 F.3d 1182, 1184 (10th Cir. 2005) and *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir.), *cert. denied,* 537 U.S. 961 (2002)); *Thompson v. McKune,* 291 Fed. App'x 870, 874-75 (10th Cir. 2008) (*Apprendi, Blakely, Cunningham* inapplicable to prior convictions).

4

certiorari on May 28, 2002.  *See Doc. 9-2* at 5-32.  He also filed a counseled appeal in case number 559, and it became "final" on Monday, February 2, 2004, which is ninety days after the New Mexico Supreme Court denied certiorari on November 4, 2003.  *See Doc. 9-3* at 6-68; *Doc. 9-4* at 1-68.

The one-year period is calculated using the "anniversary method" so, absent tolling, the latest date the federal petition would have needed to be filed was on or before February 2, 2005, to be timely.[3]  However, there was no further action by Petitioner until January 17, 2008, the date he filed a *pro se* state petition for habeas corpus.[4]  *See Doc. 9-5* at 1.  Thus, on the date the he instituted the state post-conviction proceedings, the federal statute had already expired.  *E.g., Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007) ("Although the one-year period is

---

[3] *E.g., United States v. Hurst,* 322 F.3d 1256, 1861-62 (10th Cir. 2003) ("anniversary date" for filing federal petition is same date, only one year later, as the date time for filing petitioning Supreme Court for certiorari expires, regardless of leap year; May 18, 1999 and May 18, 2000); *Gunderson v. Abbott,* 172 Fed. App'x 806 (10th Cir. 2006) (January 27, 1997 and January 27, 1998); *Malone v. Oklahoma,* 100 Fed. App'x 795, 796 (10th Cir. 2004) (June 28, 1999 and June 28, 2000), *cert. denied,* 540 U.S. 934 (2003); *United States v. Smith,* 65 Fed. App'x 201, 202 (10th Cir. 2003) (June 4, 1999 and June 4, 2000); *but see Robinson v. Golder,* 443 F.3d 718, 719-20 (10th Cir. 2006) (citing *Hurst* anniversary/leap year rule but stating:  "[b]ecause Mr. Robinson's conviction became final on October 4, 1999, Mr. Robinson had one year from that date, until October 5, 2000, to file a federal habeas petition."); *Pratt v. Mullin,* 175 Fed. App'x 247, 249 (10th Cir. 2006) (adding additional time to initially-calculated deadline because of leap year).

[4] The "prison mailbox rule" does not apply to filings in the New Mexico state courts.  *See Garcia v. Shanks,* 351 F.3d 468, 471-72 (10th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1181-83 (10th Cir. 2000), *cert. denied,* 531 U.S. 1195 (2001).

tolled while state postconviction review is pending, *see* 28 U.S.C. § 2244(d)(2), the one-year period had long expired before Mr. Laurson filed for state postconviction relief in December 2001."); *Barrientos v. Hightower,* 34 Fed. App'x 611, 612 (10th Cir. 2002) ("A second application for state post-conviction relief, filed on July 3, 2000 did not toll the limitations period because it was filed after the AEDPA's one-year limitation period expired.").

Wherefore,

IT IS HEREBY RECOMMENDED that the § 2254 petition be dismissed with prejudice as untimely; and

IT IS FURTHER ORDERED that Petitioner will be given extra time to file his objections pursuant to 28 U.S.C. § 636(b)(1). He shall have thirty (30) days from receipt of these proposed findings to do so and to set forth his grounds for equitable tolling, if any. He must file objections if he wants to have appellate review of the proposed findings. If no objections are filed, no appellate review will be allowed.

IT IS FINALLY ORDERED that Respondents will have the same amount of time in which to file any objections.

_____
UNITED STATES MAGISTRATE JUDGE